Wilde J.
delivered the opinion of the Court. The plaintiff avers in his replication, that within two years after the cause of action accrued, he sued out his writ, in due form *643 of law, which he duly entered in court, and prosecuted from term to term, until by order of court that suit was dismissed for defect of the service of the writ; and that this suit, for the same cause of action, was commenced and entered at the Court of Common Pleas next after the dismissal. On demutrer to this replication the question is, whether the averments are suEcient to bring the case within the 2d section of the statute of 1793, c. 75.
Two objections are made to the replication. First, that the second section of the statute does not extend to actions of slander; and secondly, that the replication is bad in not alleging that the defect of service was caused by the default or negligence of the oficer.
The first objection we think well founded and fatal to'the plaintiff’s action. The second section refers to the same actions, and to those only, which are described in the first section. These are, “ all actions of the case, or of debt, grounded upon any lending or contract, or for arrearages of rent.” The words of qualification following the word “ debt ” were intended to refer as well to actions of the case as to actions of debt. And it is obvious from the whole language of the statute, that it applies only to actions arising upon contract, and not to actions founded in maleficio. The first section provides only for actions in relation to which the term of limitation was six years, which excludes actions of slander. So the second section provides for demands which survive to executors and administrators. And a similar provision is contained in the third section. These provisions cannot be applied to actions of slander and other actions arising ex delicto, without deciding that these actions survive to executors and administrators ; which cannot be pretended.
It is clear, we think, that the legislature intended to draw the line of distinction between actions arising ex contractu ana those arising ex delicto. The former are frequently more favored by the law than the latter. For instance, the former survive to executors and administrators, while the latter die wi h the person. So creditors alone are entitled to share the insolvent estates of deceased persons.
The statute I admit is to receive a liberal construction, *644 but the manifest intention of the legislature must not oe disregarded or explained away. And if no reason could be given for the distinction made by the legislature, it is not the less obligatory, provided the meaning of the statute is clear and certain. But the legislature might have had good reasons for not extending the term of limitation, as to actions arising ex maleficio, and especially as to actions of slander These actions, so far as they operate as safeguards of repu tation, should be favored. But they may be, and the history of judicial proceedings will show that they have been, at some times, too much encouraged, so as to lead to unprofitable litigation. Besides, there are good reasons why a short term of limitation should be applied at all events to actions of slander, which depend on the recollection of witnesses as to the precise words charged, which may be so easily misremembered. Whether these reasons influenced the legislature we cannot say, nor is it material,' for the language of the statute is too clear to be mistaken. , ■
We are therefore all of opinion, without considering the other objection, that the replication is insufficient.

Judgment for the defendant for costs.